#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE SOUTHERN DISTRICT OF OHIO
#### EASTERN DIVISION

**TAPESTRY, INC., et al.,**

        **Plaintiffs,**

  v.                                      Civil Action 2:18-cv-1724
                                        Magistrate Judge Kimberly A. Jolson

**AL-REEM, INC., et al.,**

        **Defendants.**

### OPINION AND ORDER

This matter, in which the parties have consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c), (*see* Doc. 23), is before the Court on Plaintiffs' Motion for Sanctions (Doc. 41) and Motion for Sanctions and for Default Judgment (Doc. 48). Also before the Court is counsel for Defendants' Motion to Withdraw (Doc. 45). For the reasons that follow, the Motions are **GRANTED**.

    **I.**      **BACKGROUND**

This is a trademark and copyright infringement lawsuit. (*See generally* Doc. 1). Plaintiffs allege that Defendants "are engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products bearing logos and source-identifying indicia and design elements that are studied imitations of the Coach Trademarks … Defendants' specific conduct includes, among other things: marketing, displaying, selling counterfeit Coach handbags and accessories." (*Id.*, ¶ 34).

Plaintiffs filed their first Motion to Compel (Doc. 28) on January 13, 2020. They sought to compel Defendants' Rule 26(a) disclosures and responses to their written discovery requests. (*See generally id.*). The Court held a status conference with the parties shortly thereafter and directed Defendants to continue to work to produce the requested information. (*See* Doc. 29).

The Court further ordered the parties to file a joint status report regarding the parties' progress in discovery.  (*See id.*).

On January 22, 2020, the parties filed their Joint Status Report in which they represented that Defendants had agreed to produce the requested information in a timely fashion.  (*See* Doc. 30).  Relying on that representation, the Court denied as moot Plaintiff's first Motion to Compel. (*See* Doc. 33).

Several months later, Plaintiffs filed their Second Motion to Compel (Doc. 34).  They asserted that Defendants failed to produce responses to their written discovery requests despite Defendants' prior representations and their good faith efforts to communicate with Defendants. (*See id.* at 3–4).  The Court granted that motion:

> The record in this case demonstrates that Defendants' responses to Plaintiffs' interrogatories and requests for production of documents are long overdue. Plaintiffs served their discovery requests on September 20, 2019, (*see* Doc. 26), and Defendants' responses were due 30 days later, Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A).  After failing to meet their initial response deadline, Defendants represented that they would serve responses to those discovery requests approximately three months ago.  (*See* Doc. 30).  Defendants failed to do so.  (*See* Doc. 34).  Defendants are, therefore, **ORDERED** to produce their responses to Plaintiffs' discovery requests on or before May 14, 2020.

(Doc. 36 at 2–3).  Further, the Court ordered Defendants to pay Plaintiffs' reasonable fees and expenses incurred in filing the Second Motion to Compel.  (*See* Doc. 39).

Defense counsel subsequently filed a Motion to Withdraw, representing that she had been unable to contact Defendants and that she had been unable "to compile information and documents necessary to prepare any defense" in this case.  (Doc. 37).  The Court denied the Motion without prejudice and directed defense counsel to file a revised motion that complied with the Local Rules.  (*See* Doc. 38).

Subsequently, Plaintiffs filed their first Motion for Sanctions requesting that the Court

enter default judgment against Defendants based on their failure to comply with the Court's earlier Orders directing them to participate in discovery. (*See generally* Docs. 41). The deadline for a response to the Motion passed with no response from Defendants. As a result, the Court issued a Show Cause Order that ordered Defendants to file a response explaining why Plaintiffs' Motion should not be granted. (*See* Doc. 44). The deadline for Defendants' response to the Show Cause Order has passed, and Defendants did not file any response.

Instead, counsel for Defendants filed a Motion to Withdraw based on her inability to communicate with Defendants. (*See* Doc. 45). The Court granted Defendants seven days in which to file a response to counsel's Motion and informed them that, if they did not respond, the Court would "grant the Motion to Withdraw, grant Plaintiffs' Motion for Sanctions, and enter default judgment against Defendants." (Doc. 47 at 2). The deadline for Defendants to respond has passed, and they did not file one. Based on Defendants' failure to respond, Plaintiffs filed their second Motion for Sanctions (Doc. 48), reiterating their request that the Court enter default judgment. The Motions are, therefore, ripe for resolution.

## II. DISCUSSION

Plaintiffs request the Court enter default judgment in their favor and to award them attorneys' fees in connection with their Motions. The Court addresses each request in turn.

### A. Default Judgment

"Rule 37 of the Federal Rules of Civil Procedure governs sanctions for one's failure to make or cooperate in discovery. The purpose of imposing sanctions is to assure both future compliance with the discovery rules and to punish past discovery failures, as well as to compensate a party for expenses incurred due to another party's failure to properly allow discovery." *Jackson v. Nissan Motor Corp.*, No. 88-6132, 1989 WL 128639, at *3 (6th Cir. Oct.

30, 1989) (quotations and citation omitted).  The Court may consider both punishment and deterrence in fashioning an appropriate sanction under Rule 37.  *Laukus v. Rio Brands, Inc.*, 292 F.R.D. 485, 500 (N.D. Ohio 2013) (citing *Bratka v. Anheuser–Busch Co.*, 164 F.R.D. 448, 459 (S.D. Ohio 1995)).

The most severe sanction for discovery violations is a default judgment.  *Grange Mut. Cas. Co. v. Mack*, 270 F. App'x 372, 376 (6th Cir. 2008).  In determining whether default judgment is an appropriate sanction, the Court considers four factors: (1) whether the disobedient party acted in willful bad faith; (2) whether the opposing party suffered prejudice; (3) whether the court warned the disobedient party that failure to cooperate could result in a default judgment; and (4) whether less drastic sanctions were imposed or considered.  *Id.*; *see also Vogerl v. Elliott*, No. 09-713-MRB-JGW, 2010 WL 4683950, at *2 (S.D. Ohio Sept. 9, 2010) (listing the four factors).  Here, all four factors weigh in favor of the entry of default judgment.

The Court first considers whether the failure to cooperate in discovery was the result of willfulness, bad faith, or fault.  *United States v. Allen*, No. 2:12-cv-1034, 2014 WL 3530850, at *4 (S.D. Ohio July 15, 2014).  If a party refuses to comply with discovery repeatedly, such conduct is indicative of "willfulness, bad faith, or fault."  *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d, 1067, 1079 (6th Cir. 1990); *see also Allstate Ins. Co. v. Awan & Assoc. P.C.*, No. 11-11988, 2013 WL 1340142, at *5 (E.D. Mich. Apr. 3, 2013) ("As the Sixth Circuit has explained, repeated noncompliance with court-sanctioned discovery requests suggests willfulness, bad faith, or fault.").  Despite Plaintiffs' and the Court's numerous attempts to communicate with Defendants and to get them to participate in discovery, they have failed to do so.  (*See, e.g.*, Docs. 29, 34, 36, 41, 44, 47).  Further, counsel for Defendants has indicated that she has not

heard from her clients since September 2019. (Doc. 45-1, ¶ 6). Defendants' repeated refusal to participate in discovery is, in the Court's view, clearly indicative of willfulness and bad faith.

The second factor is satisfied if the failure to provide discovery deprives the opposing party of information critical to their case and they are forced to expend significant time and resources addressing the discovery abuses. *Grange*, 270 F. App'x at 376; *see also Vogerl*, No. 09-713-MRB-JGW, 2010 WL 4683950, at *3 ("Plaintiff has been severely prejudiced by her inability to conduct discovery in this case, and has wasted significant time and money first attempting to gain defendant's voluntary cooperation, and subsequently seeking defendant's forced cooperation through this court. Plaintiff cannot be expected to do more."). Again, there is no question that Defendants have failed to provide any meaningful responses to Plaintiffs' discovery requests, despite Plaintiffs expending significant time and resources attempting to get Defendants to respond. And absent that discovery, Plaintiffs are unable to prosecute their case.

The third factor is satisfied if the court warned the disobedient party that failure to cooperate could result in a default judgment. *Grange*, 270 F. App'x at 376; *see also Vogerl*, 2010 WL 4683950, at *2. For example, the disobedient party may be warned by the filing of a motion, *see Allstate Ins. Co.*, 2013 WL 1340142, at *5 ("after plaintiffs filed this motion, defendants were well-aware that a default judgment could be entered against them"), or at a hearing, *Grange*, 270 F. App'x at 377. Here, Plaintiffs filed a motion for sanctions requesting the entry of default judgment, (Doc. 41), and the Court issued multiple orders warning Defendants of a potential entry of default judgment if they did not participate in the litigation of this case, (*see* Docs. 44, 47). This factor also weighs in favor of granting Plaintiffs' Motion for Sanctions.

Finally, the Court considers whether sanctions less drastic than default judgment would be appropriate in light of the conduct. *Grange*, 270 F. App'x at 376; *Vogerl*, 2010 WL 4683950, at *2. Although the Court must consider less drastic sanctions, "there is no legal requirement for a district judge to *issue* lesser sanctions before entering a default judgment." *Grange*, 270 F. App'x at 377 (emphasis added); *see also Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997) ("[T]he district court's consideration or imposition of lesser sanctions is a *factor* in our review, not a *sine qua non* for affirmance."). Here, the Court has considered less drastic sanctions than the entry of default judgment. But nothing in the record suggests that lesser sanctions are appropriate; Defendants have not communicated with their counsel since September 2019 and have refused to participate in discovery since that time. Any sanctions less than default judgment would be futile.

In sum, Defendants have acted willfully and in bad faith despite repeated warnings of the potential entry of default judgment, and Plaintiffs have suffered clear prejudice because of Defendants' actions. Because lesser sanctions would be futile, the entry of default judgment is appropriate here.

### B. Attorneys' Fees and Costs

Rule 37(b) of the Federal Rules of Civil Procedure provides for sanctions when a party fails to comply with a discovery order. *Laukus*, 292 F.R.D. at 500. Regardless of what sanction is imposed, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2). Because this Court has determined that Defendants acted in bad faith, they are required to pay Plaintiffs' reasonable expenses, including attorney's fees, associated with the Motion for

6

Sanctions. *See Jackson*, 1989 WL 128639, at *3 (citation omitted) (noting that sanctions are "to compensate a party for expenses incurred due to another party's failure to properly allow discovery").

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motions for Sanctions (Docs. 41, 48) and counsel for Defendants' Motion to Withdraw (Doc. 45) are **GRANTED**. Default judgment on liability shall be entered as to all Defendants. Plaintiffs are **ORDERED** to file a motion for summary judgment as to damages within twenty-one (21) days of this Opinion and Order being issued. The Court will address Plaintiffs' request for injunctive relief as part of that motion. Finally, the Clerk is directed to terminate Alicia R. Coleman as Defendants' counsel of record.

IT IS SO ORDERED.

Date: September 11, 2020 /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE